Nathaniel Clark (SBN 276621)
*nathaniel.h.clark@gmail.com*
Seaton Tsai (SBN 271408)
*seaton.tsai@gmail.com*
1000 Wilshire Blvd. # 1750
Los Angeles, California 90017
(626) 673-5180 Telephone
(213) 629-2725 Facsimile

*Attorneys for Plaintiff Jade Tsai*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JADE TSAI,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CELLCO PARTNERSHIP, DBA VERIZON WIRELESS, and DOES 1-10,<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.; INVASION OF PRIVACY; FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND: $50,000.00**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

　　　　Plaintiff Jade Tsai, ("Plaintiff") alleges the following upon information and belief and personal knowledge:

[COMPLAINT]
1

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Cellco Partnership. ("Defendant") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal and state statutory rights, and invading her right to privacy, without her express written, implied, and/or oral consent.

## JURISDICTION

2. This Court has federal question and supplemental jurisdiction because this case arises out of violations of the TCPA upon Plaintiff.

3. Venue is proper because Plaintiff currently, and at the time of the violation, resides and was present in this judicial district, in which Defendant Cellco Partnership, also conducts business.

## PARTIES

4. Plaintiff Jade Tsai is a natural person residing in Alameda County in the State of California and is a "person" under the meaning of 47 U.S.C. § 153(10).

5. Defendant Cellco Partnership, a Delaware corporation, is a nationwide communications company that provides cellular phone services. Defendant conducts business as and is known as Verizon Wireless.

6. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

7. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to amend the Complaint to reflect the true names and capacities of the DOE defendants when such identities become known.

## FACTUAL ALLEGATIONS

8. Between April and July of 2014, Defendants negligently, knowingly, willfully, and/or intentionally caused an autodialer to dial Plaintiff's cellular phone number ending in digits 6764 and negligently, knowingly, willfully, and/or intentionally used a pre-recorded voice message in the inception of the same phone calls.

9. Defendants caused the autodialer to dial Plaintiff's cellular phone using a prerecorded voice message approximately 20 times between April and July of 2014, including but not limited to the dates of May 16, 2014, May 22, 2014, May 24, 2014, July 15, 2014, July 16, 2014, and July 26, 2014, and would call multiples times on certain days and multiple times on certain weeks.

10. Defendants used several different telephone numbers to autodial and call Plaintiff's cellular phone, including but not limited to (510) 695-2555, (510) 962-4800, and (206) 602-1543.

11. The phone numbers described in paragraph 10 are either within Defendants control, and or used to conduct autodialed calls with prerecorded voice messages with Defendants' knowledge or constructive knowledge.

12. Plaintiff's cellular phone used a "pre-paid" plan with limited minutes and calls, and consequently, each time Defendants called Plaintiff, Defendants invaded Plaintiff's privacy, caused undue annoyance and stress, and wasted the use of a cellular phone service at Plaintiff's monetary

expense, despite the fact that Plaintiff informed Defendants that Plaintiff was not the individual Defendants were trying to contact.

14. Plaintiff never, either implicitly or expressly, in writing or orally, consented to be contacted on her cellular phone by an autodialer or through the use of a pre-recorded voice message.

15. The pre-recorded message stated that the calling company was Verizon Wireless and identified a consumer with a different name than Plaintiff, and appeared to be an attempt to contact someone other than Plaintiff in an attempt to collect a debt.

16. Plaintiff specifically notified Defendants that Defendants were attempting to contact the wrong person, but continued to receive calls after informing Defendants.

17. Defendants negligently, knowingly and intentionally failed to create a legitimate "opt-out" system or a system for Defendants to track that they were calling the wrong party.

18. Defendants negligently, knowingly and intentionally continue to call consumers even when Defendants should or do know they are contacting the wrong person.

19. The autodialed phone calls and pre-recorded voice messages were caused to occur by Defendants for Defendants' financial gain, telemarketing goals, membership growth, and were entirely commercial in nature.

20. Upon information and belief, Defendants maintain, or have the ability to maintain, some form of record of which numbers are incorrect and result in calls to the wrong person.

21. Upon information and belief, Defendants negligently, knowingly, willfully, and/or intentionally ignored the records of when they called the incorrect parties.

22. Plaintiff does not have a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses Defendants from the above-described violations of the TCPA and never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

23. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

24. All pre-recorded voice messages were "artificial or prerecorded voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

## FIRST CAUSE OF ACTION

### Violations of the Telephone Consumer Protection Act

### 47 U.S.C. § 227 et seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-24.

26. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 et seq. cited herein.

27. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>     (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>         . . .
>         (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile

>       radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
> (47 U.S.C.A. § 227(b).)

28. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Invasion of Privacy – California Constitution Sec. 1, Art. 1

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-28.

30. Defendants conduct violated Article 1, Section 1 of the California Constitution providing that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."

31. Specifically, the TCPA creates a statutory privacy interest in the right to not be autodialed or contacted with prerecorded voice messages on a consumer's private cellular phone.

## THIRD CAUSE OF ACTION
### Violations of the Federal Fair Debt Collection Practices Act
### 15 USC § 1692d, et seq.

32. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-31.

|   |   |
|---|---|
| 1 | 33. Defendants conduct violated the FDCPA in numerous ways, including but not limited to section 15 USC 1692d(5)-(6), 15 USC 1692e, and 15 USC 1692f. |

33. Defendants conduct violated the FDCPA in numerous ways, including but not limited to section 15 USC 1692d(5)-(6), 15 USC 1692e, and 15 USC 1692f.

34. Defendants called Plaintiff multiple times on the same day, and continually, despite receiving express notice from Plaintiff, who picked up the phone and informed Defendants that they were calling the wrong person and attempting to collect a debt that Plaintiff did not owe.

## FOURTH CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act

### CAL. CIV. CODE § 1788, et seq.

35. Plaintiff repeats and incorporates by reference into this cause of action the allegations set for in paragraphs 1-34.

36. Defendants conduct violated the Rosenthal Act in the same manner that the Federal Fair Debt Collection Practices Act was violated and is therefore liable under each statute for each violation.

## PRAYER FOR RELIEF

37. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

## ALL CAUSES OF ACTION

I.   As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and request $500 in statutory damages per violation, or $1500 in statutory damages per violation within the discretion of the Court if the violations were at least willful or knowingly committed;

II.  For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

III. For actual damages according to proof;

|     |       |                                                                                                          |
|-----|-------|----------------------------------------------------------------------------------------------------------|
|     | IV.   | For all applicable statutory and actual damages under the Federal Fair Debt Collection Practices Act;    |
|     | V.    | For all applicable statutory and actual damages under the Rosenthal Fair Debt Collection Practices Act;  |
|     | VI.   | For all applicable statutory and actual damages for Defendants violations of Plaintiff's privacy rights; |
|     | VII.  | For costs;                                                                                               |
|     | VIII. | For attorney's fees as available by law or equity;                                                       |
|     | IX.   | And for any other relief that the Court deems just.                                                      |

September 16, 2014                    By     */s/Nathaniel Clark*
                                             Nathaniel Clark, Esq.
                                             Seaton Tsai, Esq.
                                             *Attorney for Plaintiff Jade Tsai*